LAW OFFICE OF BRIAN L. GREBEN
Brian L. Greben, Esq.
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357

Attorneys for Named Plaintiffs, FLSA
Collective Plaintiffs and Class Members

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DINIS PASSARINHO and ANDREW E. SAXE,
on behalf of themselves and others similarly
situated,                                          **INDEX NO.**

          Plaintiffs,                                  **COMPLAINT**

             v.                                 **FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

HANDYBOOK, INC., a/k/a HANDY
TECHNOLOGIES, INC., OISIN HANRAHAN,       **DEMAND FOR JURY TRIAL**
UMANG DUA, and CAROLYN CHILDERS,

         Defendants.
-------------------------------------------------------------X

       Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

       1.     Plaintiffs, on behalf of themselves and all others similarly situated, bring this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and allege that they are entitled to recover from Defendants: (1) unpaid overtime; (2) unpaid wages for work performed without pay during the process of applying for employment with Defendants; (3) liquidated damages; and (4) attorneys' fees and costs.

       2.     Plaintiffs, on behalf of themselves and all others similarly situated, further bring this lawsuit seeking recovery against Defendants for Defendants' violations of the New York

1

Labor Law, Art. 6, § 190 *et. seq.*, and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

3. Plaintiffs retained the Law Office of Brian L. Greben to represent Plaintiffs, FLSA Collective Plaintiffs and Class Members in this litigation, and have agreed to pay the firm a reasonable fee for its services.

4. Plaintiffs' consent to sue forms are attached hereto as Exhibit "A."

## JURISDICTION AND VENUE

5. The Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA. The Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the district because Defendants conduct business in the district, and the acts and/or omissions giving rise to the claims herein alleged took place in the district.

## THE PARTIES

7. Plaintiff Dinis Passarinho is a resident of Yonkers, New York.

8. Plaintiff Andrew E. Saxe is a resident of New York, New York.

9. Defendant Handybook, Inc., a/k/a Handy Technologies, Inc. ("Handybook"), is a corporation organized under the laws of Delaware, with a principal place of business at 33 West 19th Street, Floor 5, New York, New York, 10011, and an address for service of process at c/o C T Corporation System, 111 Eighth Avenue, New York, New York, 10001.

10. Upon information and belief, Individual Defendants Oisin Hanrahan, Umang Dua, and Carolyn Childers (collectively, "Individual Defendants") are principals, officers and

directors of Handybook.

11. Upon information and belief, Individual Defendant Oisin Hanrahan is the Chief Executive Officer of Handybook.

12. Upon information and belief, Individual Defendant Umang Dua is the Chief Operating Officer of Handybook.

13. Upon information and belief, Individual Defendant Carolyn Childers is the Vice President of Operations of Handybook.

14. Upon information and belief, Handybook has an annual gross volume of sales in excess of $500,000.00.

15. Individual Defendants exercised control over the terms and conditions of the employment of Plaintiffs, FLSA Collective Plaintiffs and Class Members.

16. Individual Defendants exercised control over the terms and conditions of the application for employment process utilized for Plaintiffs, FLSA Collective Plaintiffs and Class Members.

17. Individual Defendants have the authority to hire and fire employees, and are in charge of budgeting issues, including payroll.

18. Individual Defendants exercise control over Handybook's day to day operations, and are actively involved in managing its operations.

19. To the extent Defendants retained employment records, Individual Defendants exercised control over those records.

20. Upon information and belief, Individual Defendants are and/or were employers of Plaintiffs and those similarly situated under the FLSA and the NYLL.

21. All Defendants are hereinafter collectively referred to as "Defendants."

22. All Plaintiffs are hereinafter collectively referred to as "Plaintiffs."

## FLSA COLLECTIVE ACTION ALLEGATIONS

23. Plaintiffs bring and seek to prosecute their FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b), on behalf of all non-exempt persons currently or formerly employed by Defendants, including: a) all employees who are or were formerly employed by Defendants as operations support associates; b) all individuals who sought employment with Defendants and, in the course of seeking employment, provided a "trial day" for which they were not compensated; and c) any other similarly situated current and former employees holding comparable positions ("FLSA collective plaintiffs"), at any time on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Collective Action Period").

24. At all relevant times, Plaintiffs and the other FLSA collective plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules, including willfully failing and refusing to pay Plaintiffs and the other FLSA Collective Plaintiffs one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek, as well as requiring applicants seeking employment to work a complete day of twelve (12) hours or more without any compensation whatsoever. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

25. The FLSA Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 207, and 29 U.S.C. § 216(b).

26.     The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## **RULE 23 CLASS ALLEGATIONS - NEW YORK**

27.     Plaintiffs bring New York State law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants, including: a) all employees who are or were formerly employed by Defendants as operations support associates; b) all individuals who sought Employment with Defendants and, in the course of seeking employment, provided a "trial day" for which they were not compensated; and c) any other similarly situated current and former employees holding comparable positions, on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

28.     All said persons, including Plaintiffs, are referred to herein as the "Class." The class members are readily ascertainable. The number and identity of the class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

29.     The proposed Class is so numerous that joinder of all class members is impracticable, and the disposition of their claims as a Class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief,

there are more than fifty (50) Members of the Class.

30. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the class members were subject to the same corporate practices of Defendants, as alleged herein, including willfully failing and refusing to pay class members for the initial "trial day" they provided while seeking employment with Defendants, as well as willfully failing and refusing to pay class members one-and-one-half times their regular hourly rate for work in excess of forty (40) hours per workweek for work they provided thereafter. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by an attorney who is experienced and competent in both Class action litigation and employment litigation and has previously represented clients in wage and hour cases.

32. A Class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class

members are small in the sense pertinent to a Class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a Class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a Class action would result in a significant saving of these costs. The prosecution of separate actions by individual Members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual Members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, Class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a Class action.

33. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants properly compensated Plaintiffs and class members

for overtime by paying them overtime pay for the hours worked in excess of forty (40) hours per workweek within the meaning of New York Labor Law, Art. 6, § 190 *et. seq*., and Art. 19, § 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142;

(b) The nature and extent of the class-wide injury and the appropriate measure of damages for the Class;

(c) Whether Defendants have a policy of misclassifying operations support associates and other similarly situated current and former employees holding comparable positions from coverage of the overtime provisions of the NYLL;

(d) Whether Defendants' policy of misclassifying operations support associates and other similarly situated current and former employees holding comparable positions was done willfully;

(e) Whether Defendants allowed individuals who sought employment with Defendants to provide a "trial day" for which they were not compensated;

(f) Whether Defendants have or had a policy of requiring individuals who sought employment with Defendants to provide a "trial day" for which they were not compensated;

(g) Whether Defendants can prove that their unlawful policies were implemented in good faith; and

(h) Whether Defendants failed to provide Plaintiffs and the Class the requisite wage notices and other documents required under the NYLL.

# FACTS

35. Handybook is a privately held company that provides and/or arranges cleaning and "handyman" services for homes, offices, and rental apartments. The services provided by Handybook involve directing cleaning personnel to its customers' homes, offices and apartments for home and office cleaning. Upon information and belief, Handybook currently operates in at least twenty-six cities throughout North America and the United Kingdom.

36. As part of its employment application process, Handybook required applicants for employment to work a complete day of twelve (12) hours or more without compensation, allegedly as a "trial day" during which Defendants would evaluate the applicant's work to determine whether he or she would be offered a job. This unpaid "trial day" was a standard part of Defendants' hiring process.

37. Plaintiff Andrew E. Saxe applied for employment with Handybook's customer service department in May 2013, and worked his "trial day" on May 29, 2013.

38. Plaintiff Dinis Passarinho applied for employment with Handybook's customer service department in May 2013, and worked his "trial day" on May 31, 2013.

39. The work performed by Plaintiffs during the aforementioned "trial days" did not differ in any substantive manner from the work they performed throughout their subsequent employment with Defendants.

40. Mr. Saxe was hired by Defendants on or about June 3, 2013, and remained continuously employed by Defendants until September 8, 2014.

41. Mr. Passarinho was hired by Defendants on or about June 3, 2013, and remained continuously employed by Defendants until March 20, 2015.

42. Plaintiffs' positions with Defendants were not given titles, but were often referred

to as operations support associates. Throughout Mr. Saxe and Mr. Passarinhos' employment with Defendants, their work primarily included:

    (a)    delivering customer and service provider support via email and computer "chat";

    (b)    attracting potential customers by answering product and service questions;

    (c)    suggesting information about other services (referred to as "upsells");

    (d)    opening customer accounts by recording account information;

    (e)    resolving service problems by clarifying customers' complaints, and determining the causes of the problems;

    (f)    selecting and explaining the best solution to solve problems, and expediting correction or adjustment;

    (g)    following up on issues with customers to ensure resolution;

    (h)    issuing refunds to customer after customer complaints or failure to deliver service;

    (i)    providing assistance with cleaning personnel and handymen via telephone, email, or chat, with matters concerning particular assignments and payment arrangements;

    (j)    cleaning for customers when Defendants did not have enough personnel;

    (k)    organizing Defendants' warehouse;

    (l)    delivering keys to cleaners; and

    (m)    carrying laundry to partner accounts.

43. Plaintiffs' job duties did not include hiring, firing, scheduling or disciplining of employees. Plaintiffs did not set pay schedules of employees. Rather, Plaintiffs' job duties were

similar to those duties of non-exempt hourly employees in that Plaintiffs' duties were void of meaningful independent discretion with respect to the exercise of their duties.

44. Pursuant to Defendants' policies, patterns and practices, plaintiffs each worked twelve (12) or more hours per day, and worked at least five (5), and often six (6) or seven (7), days per week. Accordingly, throughout the time Plaintiffs were employed by Defendants, plaintiffs worked between sixty (60) and eighty (80) hours per week. Plaintiffs were not provided with lunch breaks, or any other kind of break, during their work days.

45. Mr. Saxe's salary from June 3, 2013, until July 16, 2013, was $35,000.00 per year. His salary from July 16, 2013, until September 8, 2014, was $40,000.00 per year.

46. Mr. Passarinho's salary from June 3, 2013, until approximately July 16, 2013, was $35,000.00 per year; his salary from approximately July 1, 2013, until in our around August 2014, was $40,000.00 per year; his salary from in our around September 2014, until December 2014, was $45,000.00 per year; and his salary between January 2015 until March 20, 2015 was $48,000.00 per year.

47. At no time did Defendants pay Plaintiffs overtime at a rate of 1.5 times their regular hourly rate for hours worked in excess of forty (40) hours per work week, as they are required to do under the FLSA and the NYLL.

48. Defendants knowingly and willfully operate their business with a policy of not paying overtime at a rate of 1.5 times each employee's regular hourly rate to Plaintiffs, FLSA Collective Plaintiffs, and Class Members.

49. In November 2014, the three Individual Defendants held meetings with Handybook's operations support associates. At these meetings, Defendants admitted that Handybook should have been paying its operations support associates premium rates for

overtime hours, but failed to do so, and offered them one-time reimbursements in exchange for the release of any claims they might have had against Handybook had for unpaid overtime. Mr. Passarinho attended one such meeting with Carolyn Childers in November 2014, during which he was offered a one-time overtime reimbursement in exchange for a full release, as described above.

50. During the aforementioned November 2014 meeting between Ms. Childers and Mr. Passarinho, Ms. Childers provided him with a settlement agreement memorializing Handybook's offer of a limited amount of retroactively paid overtime in exchange for a release of any claims. At the meeting, Mr. Passarinho told Ms. Childers that he wanted to bring the settlement agreement home with him, take a night or two to read it over, and consider his options before deciding whether he would sign. Ms. Childers, however, told Mr. Passarinho that she preferred that he sign the document at that moment, and led him to believe that his job would be in jeopardy if he did not sign the settlement agreement immediately. Mr. Passarinho, under duress, complied with Ms. Childers' request and signed the settlement agreement during the meeting at which it was first presented to him.

51. The agreement provided that Mr. Passarinho's overtime rate was $21.634 (equivalent to the regular hourly rate of an employee who worked forty (40) hours per week at a salary of $45,000.00 per year). The agreement does not provide an explanation for how this rate was calculated, or why it did not utilize a "premium rate" of 1.5 times Mr. Passarinho's regular hourly rate.

52. The agreement was not submitted to, supervised by, or approved by a court of competent jurisdiction or the New York State Department of Labor.

53. At the time of the November 2014 meeting, Mr. Passarinho had worked between

approximately 1,520 and 3,040 overtime hours for Defendants for which he had not been paid a premium rate, as he was entitled to under the FLSA and the NYLL. Despite this, the retroactive overtime payment offered to Mr. Passarinho at the November 2014 meeting consisted of approximately 125.9 hours at the rate of $21.64 per hour.

54. Mr. Passarinho performed between approximately 360 and 720 hours of overtime work for Defendants subsequent to the aforementioned meeting of November 2014; he has not been paid a premium rate of 1.5 times his regular hourly rate for any of these additional overtime hours.

55. To the extent that the agreement signed by Mr. Passarinho at the aforementioned meeting of November 2014 purports to waive any claims against Defendants for repayment of overtime or any related damages, the agreement is void and unenforceable under both the FLSA and the NYLL.

56. Approximately one (1) month after the aforementioned meeting between Mr. Passarinho and Carolyn Childers, Mr. Saxe contacted Defendants and inquired about what, if anything, they would offer him with respect to his unpaid overtime. Defendants subsequently offered Mr. Saxe a settlement in the amount of $500.00; Mr. Saxe rejected Defendant's offer.

57. Mr. Saxe worked between approximately 1,320 and 2,640 overtime hours for Defendants for which he had not been paid a premium rate, as he was entitled to under the FLSA and the NYLL. Despite this, the retroactive overtime payment offered to Mr. Saxe in late 2014 covered only a tiny fraction of the overtime for which Mr. Saxe worked but was not paid.

# **FIRST CLAIM FOR RELIEF**

(FLSA Overtime Violations, 29 U.S.C. § 201, *et seq*. Brought by Plaintiffs
on Behalf of Themselves, the FLSA Collective Plaintiffs and Class Members)

58. Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and Class Members, reallege and incorporate by reference all previous paragraphs.

59. Throughout the statute of limitations period covered by these claims, the FLSA Collective Plaintiffs and Class Members regularly worked in excess of forty (40) hours per workweek and continue to do so.

60. At all relevant times, Defendants operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiffs, FLSA Collective Plaintiffs and Class Members at one-and-one-half times their regular hourly rates for work in excess of forty (40) hours per workweek, even though Plaintiffs, the FLSA Collective Plaintiffs and Class Members have been and are entitled to overtime.

61. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs, the FLSA Collective Plaintiffs and Class Members at the required overtime rates, one- and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

62. Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and Class Members, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

(New York Overtime Violations, N.Y. Lab. L.
§ 650 *et seq.*, N.Y. Comp. Codes R. & Regs. § 142 *et seq.*,
Brought by Plaintiffs, the FLSA Collective Plaintiffs and Class Members)

63. Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and Class Members, reallege and incorporate by reference all previous paragraphs.

64. At all times relevant to this action, Plaintiffs were employees and Defendants were employers within the meaning of NYLL.

65. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

66. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

67. Throughout the class period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs, the FLSA Collective Plaintiffs and Class Members at the required overtime rates, one-and-one-half times their regular rates for hours worked in excess of forty (40) hours per workweek.

68. By failing to pay Plaintiffs and the class members overtime wages for all hours worked in excess of 40 hours per week, they have willfully violated NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, *inter alia*, the regulations in 12 N.Y.C.R.R., Part 142.

69. As a result of Defendants' willful and unlawful conduct, Plaintiffs, the FLSA Collective Plaintiffs and Class Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs

and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## THIRD CLAIM FOR RELIEF

(New York Violations, NYLL §§ 195, 198 *et seq*., Brought
by Plaintiffs, the FLSA Collective Plaintiffs and Class Members)

70. Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and Class Members, reallege and incorporate by reference all previous paragraphs.

71. Defendants did not provide Plaintiff and the Class member with the Notices required by NYLL § 195.

72. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages pursuant to NYLL § 198, in an amount to be determined at trial, pre- and post-judgment interests, costs and attorneys' fees, as provided by NYLL § 663.

## FOURTH CLAIM FOR RELIEF

(FLSA Claims, 29 U.S.C. § 201, *et seq*.,
Brought by Plaintiffs on Behalf of Themselves,
the FLSA Collective Plaintiffs and Class Members)

73. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and Class Members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

74. As part of the application process, Handybook required all individuals applying for employment as an operations support associate, or any similar position, to work a complete day of twelve (12) hours or more without compensation, allegedly as a "trial day" during which Defendants would evaluate plaintiff's work to determine whether he would be offered a job. This unpaid "trial day" was a standard part of Defendants' hiring process and, upon information and belief, was required of all candidates for comparable positions with Handybook.

75. Plaintiffs, like individuals applying for employment as operations support associates, or any similar position, were required to work complete days of twelve (12) hours or more prior to their employment without compensation.

76. The work performed by applicants during the aforementioned "trial day" did not differ in any substantive manner from the work performed by Defendants' employees.

77. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay applicants the federal minimum wage for each hour worked during the aforementioned "trial day."

78. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and Class Members, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELEIF

(New York State Minimum Wage Act, New
York Labor Law § 650 *et seq*. Brought by Plaintiffs on Behalf
of Themselves, the FLSA Collective Plaintiffs and Class Members)

79. Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and the Class Members, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

80. As part of the application process, Handybook required all individuals applying for employment as an operations support associate, or any similar position, to work a complete day of twelve (12) hours or more without compensation, allegedly as a "trial day" during which Defendants would evaluate their work to determine whether they would be offered a job. This

unpaid "trial day" was a standard part of Defendants' hiring process and, upon information and belief, was required of all candidates for comparable positions with Handybook.

81. Plaintiffs, like other individuals applying for employment as operations support associates, or any similar position, were required to work a complete day prior to their employment without compensation. These "trial days" lasted twelve (12) hours or more.

82. The work performed by applicants during the aforementioned "trial days" did not differ in any substantive manner from the work performed by Defendants' employees.

83. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay applicants the New York State minimum wage for each hour worked during the aforementioned "trial day."

84. Defendants knowingly paid Plaintiffs, the FLSA Collective Plaintiffs and the Class Members less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

85. Defendants did not pay Plaintiffs, the FLSA Collective Plaintiffs and the Class Members the minimum wage for all hours worked.

86. Defendants' failure to pay Plaintiffs, the FLSA Collective Plaintiffs and the Class Members the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87. As a result of Defendants' willful and unlawful conduct, Plaintiffs, the FLSA Collective Plaintiffs and the Class Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## SIXTH CLAIM FOR RELIEF

(New York Violations, NYLL §162 *et seq.*,
Brought by Plaintiffs, the FLSA Collective Plaintiffs and Class Members)

88. Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs and Class Members, reallege and incorporate by reference all previous paragraphs.

89. Defendants did not provide Plaintiffs and the Class member with a meal break as is required by NYLL § 162.

90. As a result of Defendants' unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial, pre- and post- judgment interests, costs and attorneys' fees, as provided by the provisions of the New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and Members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Members of the FLSA opt-in Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a Class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiffs as representatives of the Class;

E. An award of damages, according to proof, including liquidated damages, to be

paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorney's fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: Great Neck, New York
May 18, 2015

LAW OFFICE OF BRIAN L. GREBEN

/s/ Brian L. Greben
Brian L. Greben
316 Great Neck Road
Great Neck, NY 11021
(516) 304-5357