# LAW OFFICE OF BRIAN L. GREBEN

| | |
|---|---|
| **316 Great Neck Road** | Office: (516) 304-5357 |
| **Great Neck, NY 11021** | Fax: (516) 726-8425 |
| www.grebenlegal.com | brian@grebenlegal.com |

December 1, 2015

**BY E.C.F.**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 12/2/2015

    Re: *Passarinho and Saxe v. Handybook, Hanrahan, et al.*
        S.D.N.Y. Case No.: 15 CV 3984 (LGS)

Dear Judge Schofield:

    I represent plaintiffs in the above-referenced matter, and am writing pursuant to section III.C.3. of your Individual Rules and Procedures for Civil Cases and Local Civil rule 37.2, both of which concern the resolution of discovery disputes. I am also writing to request that plaintiffs' deadline for conditional certification, currently set for December 7, 2015, be stayed until the instant discovery dispute has been resolved.

    On October 13, 2015, the Court ordered the parties to "exchange information concerning the name and time records of potential collective members…by November 6, 2015." On November 6, 2015, defendants sent me a list of the names of some (but, according to my clients, not all) of the employees defendants allegedly characterized as "Operations Associates." Defendants have not provided the names of any of other employees, nor have they provided any time records whatsoever. Defendants indicated that they do not possess time records for Operations Associates.

    Pursuant to the Complaint, the potential collective members consist of:

> a) all employees who are or were formerly employed by Defendants as operations support associates; b) *all individuals who sought employment with Defendants and, in the course of seeking employment, provided a "trial day" for which they were not compensated*; and c) *any other similarly situated current and former employees holding comparable positions* ("FLSA collective plaintiffs"), at any time on or after the date that is three years before the filing of the Complaint in this case as defined herein.

*See* Paragraph 23 of the Complaint (emphasis provided). Defendants have utterly failed to address the required inclusion of "all individuals who sought employment with Defendants and, in the course of seeking employment, provided a 'trial day' for which they were not compensated." My clients have informed me that for most of the time they were employed by

Hon. Lorna G. Schofield
December 1, 2015
-2-

defendants, and all of the time prior to their hiring, Handy required *all* of their applicants for customer service positons, as well employees for several other types of positions, to undergo an unpaid "trial" day prior to hiring.  Defendants do not deny that many individuals *who were not included on the list of potential collective action members produced on November 6, 2015* were required to undergo a trial day before receiving (or being denied) job offers.  Nonetheless, defendants refuse to amend their list to include these many individuals.

Furthermore, plaintiffs submit that defendants do not have the right to restrict the potential collective action members to individuals whom defendants arbitrarily classified as "Operations Associates."  Paragraph 34(c) and (d) of the Complaint provide that:

> There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:
>
> ***
>
> (c)  Whether Defendants have a policy of misclassifying operations support associates *and other similarly situated current and former employees holding comparable positions* from coverage of the overtime provisions of the NYLL;
>
> (d)  Whether Defendants' policy of misclassifying operations support associates an*d other similarly situated current and former employees holding comparable positions* was done willfully;

(emphasis provided).  Accordingly, the Complaint defines the potential collective action as including employees who held similar positions to those classified as "Operations Associates," and not just the Operations Associates themselves.  Plaintiffs submit that, at a minimum, this list should include all individuals who are or were employed by defendants as "customer service" workers.

It should be noted that payroll records issued by defendants to named plaintiff Andrew Saxe categorized Mr. Saxe as a "Customer Service Associate," and not an "Operations Associate."  Clearly, defendants cannot deny that employees who were categorized in the same manner as a named plaintiff were "similarly situated" to him.  Plaintiffs' further submit that, pursuant the Court's Order of October 13, 2015, defendants must also provide time records for any employees added to the list.

Between November 6, 2015, and the present date, my office has worked diligently to resolve this discovery impasse without resorting to motion practice.  Each side has sent the other at least two (2) letters apiece, plus numerous emails, addressing our disagreements, and have had multiple telephone conferences.  Nevertheless, it now appears that we cannot agree on a resolution, and require the Court's assistance.

We further request, with the consent of defendants, that the December 7, 2015 deadline for moving for conditional certification be stayed until the instant discovery dispute is resolved.  It will be very difficult, and probably prejudicial, for us to move for conditional certification

Hon. Lorna G. Schofield
December 1, 2015
-3-

without a clear sense of who should be included in the collective.  This is the first time either side has requested an adjournment of the conditional certification motion deadline.

      Thank you for your time and consideration.

                                                         Very truly yours,

                                                         Brian L. Greben

cc:    Christine L. Hogan, Esq. (by ECF)

Application GRANTED.  A telephone conference will be held on December 9, 2015, at 10:40 a.m..  At the appointed time, telephone participants shall jointly call Chambers at (212) 805-0288.  Defendants shall file a letter response not to exceed three pages by December 7, 2015, at 12:00 p.m.  The conditional certification motion deadline is adjourned sine die.  A revised briefing schedule will be issued at the December 9 conference.

Dated: December 2, 2015
       New York, New York

                                            LORNA G. SCHOFIELD
                                            UNITED STATES DISTRICT JUDGE