UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINIS PASSARINHO and ANDREW E. SAXE, on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HANDYBOOK, INC., a/k/a HANDY TECHNOLOGIES, INC., OISIN HANRAHAN, UMANG DUA, and CAROLYN CHILDERS,<br><br>Defendants. | 15-cv-3984 (LGS) (GWG)<br><br><br>**JOINT MOTION FOR APPROVAL**<br>**OF SETTLEMENT** |
| HANDYBOOK, INC., a/k/a HANDY TECHNOLOGIES, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>DINIS PASSARINHO and ANDREW E. SAXE,<br><br>Counterclaim-Defendants. | **Filed Under Seal**<br>**Via Facsimile** |

Plaintiffs-Counterclaim Defendants Dinis Passarinho and Andrew E. Saxe ("Plaintiffs"), and Defendants-Counterclaimants Handy Technologies, Inc. ("Handy"), Oisin Hanrahan, Umang Dua, and Carolyn Childers ("Defendants") (collectively the "Parties"), through their respective counsel of record, submit this Joint Motion for Approval of Settlement and Dismissal with Prejudice of Claims.

## SETTLEMENT AND DISMISSAL OF CLAIMS

### I.    BACKGROUND

On May 26, 2015, Plaintiffs filed a complaint against Defendants styled *Dinis Passarinho and Andrew E. Saxe, on behalf of themselves and others similarly situated vs. Handybook, Inc., a/k/a Handy Technologies, Inc., Oisin Hanrahan, Umang Dua, and Carolyn Childers* (Case No.

15-cv-3984).  In the complaint, Plaintiffs alleged that Defendants (1) failed to pay them for trial days, (2) misclassified them as exempt, (3) did not provide proper wage notices, and (4) denied them meal breaks in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), or both.

On September 24, 2015, Defendant Handy filed a counterclaim complaint against Plaintiffs styled *Handybook, Inc., a/k/a Handy Technologies, Inc. v. Dinis Passarinho and Andrew E. Saxe*.  In the counterclaim complaint, Handy alleged, inter alia, that Plaintiffs (1) breached their non-disclosure agreements ("NDAs"), (2) unfairly competed with Handy at their new company, Managed by Q, (3) breached their fiduciary duties and duty of loyalty, (4) misappropriated and converted Handy's confidential, proprietary information, (5) interfered with Handy's contractual relations/economic advantage, (6) were unjustly enriched to the detriment of Handy, and (7) committed trade libel.

The Parties continue to dispute each and every cause of action brought against each other. Defendants deny misclassifying Plaintiffs as exempt from overtime payments and requiring them to work unpaid trial days.  Defendants further deny failing to provide employees with meal periods and the requisite wage statements.  Likewise, Plaintiffs deny breaching their NDAs, unfairly competing with Handy at Managed by Q, and deny all the rest of the allegations against them in the counterclaim complaint.

In furtherance of the Parties' mutual desire to resolve their dispute without further litigation between them, they have entered into a Settlement Agreement (the "Agreement").  The Agreement is attached hereto as Exhibit A.  The Parties have agreed to these settlement terms in order to avoid the cost and uncertainty of litigating the action.  By agreeing to these terms, neither Defendants nor Plaintiffs admit that (1) they violated common law or any federal, state, or local law, rule, regulation, or ordinance, or (2) any action taken was wrongful or unlawful.

## II. THE PARTIES JOINTLY REQUEST THAT THE COURT APPROVE THE SETTLEMENT AGREEMENT

The primary purpose of this Motion is to request the Court's approval of the Agreement in accordance with the requirements of the FLSA and the recent decision of the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d. Cir. Aug. 7, 2015). In *Cheeks*, the Second Circuit ruled that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Id.* at 206. *See also* 29 U.S.C. § 216 (limiting an employee's ability to waive claims for unpaid wages or overtime under the FLSA, except for settlements approved by the Department of Labor or the court).

████████████████████████████████████████████

████████████████████████████████████████ The Parties represent to the Court that the Agreement: (a) is fair to all Parties; (b) reasonably resolves bona fide disagreements between the Parties with regard to the merits of the Parties' respective claims; and (c) demonstrates a good faith intention by the Parties all claims for liability and damages be fully and finally resolved, and not re-litigated in whole or in part at any point in the future. It satisfies all the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The first *Wolinsky* factor examines "the plaintiff's range of possible recovery." In this case, Plaintiff Passarinho worked in various positions at Handy from June 3, 2013 to March 20, 2015. He made $48,000.00 at the time of his termination. Plaintiff Saxe also worked in various positions at Handy from June 3, 2013 to September 8, 2014. He made $40,000.00 at the time of his termination. ████████████████████████████████████

████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████ Accordingly, any potential recovery by Plaintiffs would have to be considered in light of the amounts potentially owed to Defendant Handy. ████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████     ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

The second *Wolinsky* factor examines "the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses.'" Settling the parties' claims at this point will avoid continuing litigation costs for both parties. Had this action not settled, numerous depositions would take place, including the depositions of Plaintiffs, the three individually-named Defendants, a corporate representative of Defendant Handy, as well as the depositions of non-party witnesses. Moreover, the Parties would have engaged in document discovery, and engaged possible expert witnesses to opine on the Parties' alleged damages. Finally, there would have been extensive motion practice, including Plaintiffs' already filed motion to dismiss, motions for conditional and class certification, a motion for decertification, and mutual motions for summary judgment. Settlement at this point will obviate such time-consuming and expensive litigation.

The third *Wolinsky* factor examines "the seriousness of the litigation risks faced by the parties." ████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████ Both Parties face the inherent risks and expenses imposed by continuing discovery and proceeding to a potential trial.

The fourth *Wolinsky* factor examines "whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel.'" The parties made an initial production of documents relevant to the claims in the case. █████████████████████████

████████████████████████████████████████████

████████████████████████████████████

Plaintiffs' counsel's practice focuses on plaintiff-side employment law with an emphasis on wage and hour individual and class actions, and has had previous success litigating and settling numerous wage and hour class actions. *See, e.g.*, *Rodriguez v. Bed, Bath & Beyond*, No. 15-cv-2298 (Southern District of New York); *Barragan v. Rugfrit 1350 LLC, et al.*, No. 14-cv-6927 (Southern District of New York). Likewise, defense counsel in this case, Littler Mendelson, P.C. is one of the leading wage and hour defense firms in the country and are experienced wage and hour lawyers as well. *See* www.littler.com.

The fifth *Wolinsky* factor examines "the possibility of fraud or collusion." There is no evidence of any fraud or collusion in this case.

Lastly, there is no evidence of any factors weighing against approval of this settlement. There is no history of FLSA non-compliance by Defendant Handy.



Public policy favors contingency fees when settling wage and hour cases. *See Johnson v.*

*Brennan*, 2011 U.S. Dist. LEXIS 105775, at *39-44 (S.D.N.Y. Sept. 16, 2011). Moreover, the amount provided as fees/costs to Plaintiffs' counsel under the instant settlement – ████████ ████████████████ – is "fair and reasonable using a 'percentage-of-recovery' method of calculation, consistent with 'the trend in this Circuit.'. . . The requested percentage is typical of wage-related collective and class action settlements in this Circuit's district courts." *Hens v. ClientLogic Operating Corp.*, 2010 U.S. Dist. LEXIS 139126, at *6-7 (W.D.N.Y. Dec. 19. 2010) (quoting *McDaniel v. County of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010)). *See also Chambery v. Tuxedo Junction Inc.*, 2014 U.S. Dist. LEXIS 101939, at *22-23 (W.D.N.Y. July 25, 2014); *Castagna v. Madison Square Garden, L.P.*, 2011 U.S. Dist. LEXIS 64218, at *26-27 (S.D.N.Y. June 7, 2011) (citing *Clark v. Ecolab, Inc.*, 2010 U.S. Dist. LEXIS 47036 (S.D.N.Y. May 11, 2010) (fees of one-third of the $2 million settlement fund in FLSA overtime case)); *Reyes v. Buddha-Bar NYC*, 2009 WL 5841177, at *4 (S.D.N.Y. May 28, 2009) (fee of 33% of $710,000 fund in FLSA and NYLL tip misappropriation case); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar,* 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (33% of $3,265,000 fund in FLSA and NYLL case); *Khait v. Whirlpool Corp.,* 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010) (33% of settlement or $3,052,500 in FLSA and NYLL case); *Stefaniak v. HSBC Bank USA, N.A.*, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008) (33% of $2.9 million fund in FLSA and NYLL case).

There are many additional factors demonstrating the reasonableness of the settlement's attorneys' fee allocation. For example:

1.      The costs and fees requested here are in accordance with the Plaintiffs' contingency fee engagement agreement with counsel, which provided that ████ ████████████████████████████████████████████████████

███████████ *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 111-12, 121 (2d Cir. 2007) (holding that private retainer agreement granting attorneys one third of total damages was valid because it reflected what reasonable paying clients would agree to); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. . . . This fee arrangement is routinely approved by courts in this Circuit.").

2.      This was an exceptionally difficult case for Plaintiffs' counsel. *See Johnson*, 2011 U.S. Dist. LEXIS 105775, at *48 ("[T]he size and difficulty of the issues in a case are significant factors to be considered in making a fee award. Courts have recognized that wage and hours cases involve complex legal issues." (citations omitted)). Indeed, the instant matter was far more complex and burdensome than the average FLSA/NYLL matter, because in addition to prosecuting the case, plaintiffs' counsel had to act as defense counsel with respect to the seven (7) counterclaims which were asserted, and vigorously litigated, against Plaintiffs.

3.      Plaintiffs' counsel took considerable risk in prosecuting Plaintiffs' claims, and in defending them from the counterclaims for no additional charge. Representing plaintiffs in wage and overtime litigation under a contingency arrangement is inherently risky, because these cases are typically very fact and labor intensive, and there is always a real chance of failure. Moreover, the instant case was far riskier than the typical FLSA/NYLL matter, because Defendant

Handy asserted counterclaims that could potentially equal, or even exceed, plaintiffs' recovery. *See Johnson*, 2011 U.S. Dist. LEXIS 105775, at *50 ("The risk of litigation is also an important factor in determining a fee award. Uncertainty that an ultimate recovery will be obtained is highly relevant in determining the reasonableness of an award."); *Castagna*, 2011 U.S. Dist. LEXIS 64218, at *32 ("Due to the contingent nature of the case, Counsel risked substantial time and effort with no ultimate guarantee of compensation. Counsel took this case pursuant on a retainer agreement with the named Plaintiffs that provided for a fee *only* if Plaintiffs retained a recovery. Therefore, the risks of this litigation weigh in favor of granting Counsel's fee award." (emphasis in original)).

4.     It is well established that when courts consider the reasonableness and fairness of a contingency fee arrangement, they compare the total amount of the award or settlement with the percentage allocated as attorneys' fees. Generally, the total amount of the settlement should have an inverse relationship to the fees; the smaller the size of the total settlement, the greater the percentage that should be reasonably allocated to attorney fees. In the instant case, the size of the total settlement is very small in comparison to other wage and hour cases in which contingency fees of one-third have been approved. *See Johnson*, 2011 U.S. Dist. LEXIS 105775 at *53-56.

When courts review contingency fee allocations in settlement agreements, they use "the lodestar method . . . as a mere crosscheck, [so] the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar

can be tested by the court's familiarity with the case." *Chambery*, 2014 U.S. Dist. LEXIS 101939, at \*24 (quote and citation omitted). *See also Johnson*, 2011 U.S. Dist. LEXIS 105775, at \*43-44 ("While courts still use the lodestar method as a 'cross check' when applying the percentage of the fund method, courts are not required to scrutinize the fee methods as rigorously."). ████████████████████████████████

████████████████   ████████████████████████

████████████████████████████████████████████

An estimate of the hours worked by Plaintiffs' counsel is annexed hereto as Exhibit B.

The parties respectfully request that the Court approve this settlement as fair and reasonable and enter the proposed Order attached hereto.

## CONCLUSION

WHEREFORE, the parties to this action respectfully request an Order: (1) approving the Agreement between Plaintiffs and Defendants; (2) dismissing with prejudice the claims of Plaintiffs against Defendants; and (3) dismissing with prejudice the claims of Defendant Handy against Plaintiffs.

Dated: April 12, 2016
New York, NY

| LAW OFFICE OF BRIAN L. GREBEN | LITTLER MENDELSON, P.C. |
|---|---|
| By:    s/Brian Greben <br>        Brian L. Greben <br><br>        316 Great Neck Road <br>        Great Neck, NY 11021 <br>        Phone: (516) 304-5357 <br>        Fax: (516) 726-8425 <br>        brian@grebenlegal.com | By:    s/Christine Hogan <br>        A. Michael Weber <br>        Christine L. Hogan <br><br>        900 Third Avenue <br>        New York, NY 10022 <br>        Phone: (212) 583-9600 <br>        Fax: (212) 898-1116 <br>        mweber@littler.com <br>        clhogan@littler.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINIS PASSARINHO and ANDREW E. SAXE, on behalf of themselves and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>HANDYBOOK, INC., a/k/a HANDY TECHNOLOGIES, INC., OISIN HANRAHAN, UMANG DUA, and CAROLYN CHILDERS,<br><br>Defendants. | 15-cv-3984 (LGS) (GWG)<br><br><br>**Filed via ECF** |
| HANDYBOOK, INC., a/k/a HANDY TECHNOLOGIES, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>DINIS PASSARINHO and ANDREW E. SAXE,<br><br>Counterclaim-Defendants. | **PROPOSED ORDER** |

AND NOW, THIS _____ DAY OF April, 2016, the Court having reviewed the complaint styled *Dinis Passarinho and Andrew E. Saxe, on behalf of themselves and others similarly situated vs. Handybook, Inc., a/k/a Handy Technologies, Inc., Oisin Hanrahan, Umang Dua, and Carolyn Childers*, and the counterclaim complaint styled *Handybook, Inc., a/k/a Handy Technologies, Inc. v. Dinis Passarinho and Andrew E. Saxe*, and considered applicable case law, and for good cause shown, it is **ORDERED**, **ADJUDGED** and **DECREED** that:

1.      The Settlement between Plaintiffs-Counterclaim Defendants Dinis Passarinho and Andrew E. Saxe ("Plaintiffs"), and Defendants-Counterclaimants Handy Technologies, Inc. ("Handy"), Oisin Hanrahan, Umang Dua, and Carolyn Childers ("Defendants") on the other

hand, (together, the "Parties"): (a) is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Parties' claims; and (c) demonstrates a good faith intention by the Parties that the Parties' claims for liability and damages be fully and finally resolved, and not re-litigated in whole or in part at any point in the future. The Agreement is therefore **APPROVED** by the Court.

2. The lawsuit and the claims of (a) Plaintiffs against Defendants, and (b) Defendant Handy against Plaintiffs, are **DISMISSED WITH PREJUDICE** in their entirety without fees or costs, except as agreed to by the Parties.

LAW OFFICE OF BRIAN L. GREBEN                    LITTLER MENDELSON, P.C.


By:  ___s/Brian Greben_____      By:  ___s/Christine Hogan_____
     Brian L. Greben                                      A. Michael Weber
                                    Christine L. Hogan

     316 Great Neck Road                              900 Third Avenue
     Great Neck, NY 11021                            New York, NY 10022
     Phone: (516) 304-5357                          Phone: (212) 583-9600
     Fax: (516) 726-8425                              Fax: (212) 898-1116
     brian@grebenlegal.com                          mweber@littler.com
                                   clhogan@littler.com


_____
     HONORABLE GABRIEL W. GORENSTEIN

Dated: New York, New York
       April __, 2016

EXHIBIT A



**IN WITNESS WHEREOF,** and intending to be legally bound, the Parties subscribe to each and every provision of this Agreement.

_____          02 / 17 / 2016
**DINIS PASSARINHO**                        Date

_____          02 / 17 / 2016
**ANDREW SAXE**                             Date

**HANDY TECHNOLOGIES, INC.**

By: _____      3/3/16
                                            Date
Title: General Counsel

# EXHIBIT A



EXHIBIT B



# ESTIMATE

**Law Office of Brian L. Greben**
316 Great Neck Rd
Great Neck, New York 11021
United States

Phone: (516) 304-5357
Fax: (516) 726-8425
www.grebenlegal.com

BILL TO
**DINIS PASSARINHO and ANDREW E. SAXE**

| | |
|---|---|
| **Estimate Number:** | 1 |
| **Estimate Date:** | April 7, 2016 |
| **Expires On:** | April 22, 2016 |
| **Grand Total (USD):** | ███████ |

| Service | Quantity | Price | Amount |
|---|---|---|---|
| ████████████ | █ | ███ | ███ |
| █████████████████ | █ | ███ | ███ |
| ██████████ | ▌ | ███ | ███ |
| ████████████ | █ | ███ | ███ |
| ████████████ | ▌ | ███ | ███ |
| █████████████ | █ | ███ | ███ |
| ████████████ | ▌ | ███ | ███ |
| ████████████ | █ | ███ | ███ |



**Law Office of Brian L. Greben**
316 Great Neck Rd
Great Neck, New York 11021
United States

Phone: (516) 304-5357
Fax: (516) 726-8425
www.grebenlegal.com

| Service | Quantity | Price | Amount |
|---|---|---|---|
| ███████ ██████████ | ██ | █████ | █████ |
| ███████ ██████ | █ | █████ | █████ |
| ████ █████ | █ | █████ | █████ |
| ██████████████████████████████████████████████████████████████████████████████████ | ██ | | |
| ████ ██████████ | ██ | █████ | █████ |
| ████ █████████████████████████████ | ██ | █████ | █████ |



**Law Office of Brian L. Greben**
316 Great Neck Rd
Great Neck, New York 11021
United States

Phone: (516) 304-5357
Fax: (516) 726-8425
www.grebenlegal.com

| Service | Quantity | Price | Amount |
|---|---|---|---|
| ██████████████████ ████████████████ ████████████████ █████████ | ██ | ██████ | ██████ |
| █████████ ███████████████ | ██ | ██████ | ██████ |
| ████ ██████████████████ | ██ | ██████ | ██████ |
| ██████████ █████████ | ██ | ██████ | ██████ |
| ██████ ██████████ | ██ | ██████ | ██████ |
| ███ ██████████████ | █ | ██████ | ██████ |
| ███ ██████████████ | ██ | ██████ | ██████ |



# ESTIMATE

**Law Office of Brian L. Greben**
316 Great Neck Rd
Great Neck, New York 11021
United States

Phone: (516) 304-5357
Fax: (516) 726-8425
www.grebenlegal.com

| Service | Quantity | Price | Amount |
|---|---|---|---|
| ██████ | █ | ██ | ██ |
| ██████ | █ | ██ | ██ |
| █████ | █ | ██ | ██ |
| █████ | ▎ | ██ | ██ |
| ██████ | █ | ██ | ██ |
| █████ | █ | ██ | ██ |
| █████ | █ | ██ | ██ |
| █████ | ▎ | ██ | ██ |
| █████ | ▎ | ██ | ██ |
| ████ | ▎ | ██ | ██ |



# ESTIMATE

**Law Office of Brian L. Greben**
316 Great Neck Rd
Great Neck, New York 11021
United States

Phone: (516) 304-5357
Fax: (516) 726-8425
www.grebenlegal.com

| Service | Quantity | Price | Amount |
|---|---|---|---|
| ██████████████ | ██ | ████ | ████ |
| ██████████████ | ██ | ████ | ████ |
| █████████████ | ▪ | ████ | █████ |
| █████████████ | ██ | ████ | ████ |
| █████████████ | ██ | ████ | ████ |
| █████████████ | ██ | ████ | ████ |
| █████████████ | ██ | ████ | ████ |
| █████████████ | ██ | ████ | ████ |
| █████████████ | ██ | ████ | ████ |
| █████████████ | ██ | ████ | ████ |



**Law Office of Brian L. Greben**
316 Great Neck Rd
Great Neck, New York 11021
United States

Phone: (516) 304-5357
Fax: (516) 726-8425
www.grebenlegal.com

| | Total: | ███████ |
|---|---|---|
| | **Grand Total (USD):** | ███████ |

**Notes**
Dinis Passarinho and Andrew E. Saxe v. Handybook, Inc.